IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO GUERRERO,<br><br>                    Petitioner,<br><br>   vs.<br><br>D.K. SISTO, Warden,<br><br>                    Respondent. | Case No. 2:08-cv-01569-JKS<br><br>MEMORANDUM DECISION |

      Petitioner, Armando Guerrero, a state petitioner proceeding *pro se*, has filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  Guerrero is currently in the custody of the California Department of Corrections, incarcerated at the California State Prison, Solano, in Vacaville, California.  Respondent has filed an answer, and Guerrero has filed a traverse.

PROCEDURAL HISTORY

      The proceedings arose out of a May 2004 incident during which Guerrero assaulted his girlfriend, Rebekah Vela, menaced her with a sharpened screwdriver and pistol and then handcuffed her to a bed rail, and a separate September 2004 incident during which Guerrero struck Ms. Vela for coming home too late.  After a court trial, Guerrero was convicted of the following: assault with a deadly weapon; two counts of being a felon in possession of a firearm;

1

two counts of willful infliction of corporal injury upon a spouse with an enhancement for the "personal infliction of great bodily injury under circumstances of domestic violence" with regard to one of the counts; and, battery with serious bodily injury.  With respect to the last two convictions, the court found that Guerrero had committed the offenses while released from custody on a primary offense within the meaning of California Penal Code § 12022.7(e).  Additionally, Guerrero admitted that he had suffered a prior serious felony conviction within the meaning of California's Three Strikes Law.  Guerrero was sentenced to an aggregate prison term of 16 years, 4 months.

     Guerrero timely appealed his conviction and on March 26, 2007, the California Court of Appeal, Third District, upheld his conviction and sentence.  On October 10, 2007, Guerrero filed a petition for a writ of habeas corpus with the Sacramento County Superior Court, which denied the petition in a reasoned opinion on October 31, 2010.  On November 20, 2007, Guerrero filed a petition for a writ of habeas corpus with the California Court of Appeal, Third District, which denied the petition on November 29, 2007.  On December 26, 2007, Guerrero filed a petition for a writ of habeas corpus with the California Supreme Court, which denied the petition on February 20, 2008.  On July 8, 2008, Guerrero filed his Petition for a writ of habeas corpus with this Court, and on August 29, 2008, he filed the instant Amended Petition.  In his Amended Petition, Guerrero raises two grounds:  Ineffective assistance of trial counsel and ineffective assistance of appellate counsel.  Respondent concedes that Guerrero has properly exhausted these claims in state court.

STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[1] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[2] The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[3] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[4] When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must

---

[1] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[2] *Williams*, 529 U.S. at 412.

[3] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[4] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

be objectively unreasonable, not just incorrect or erroneous.[5] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[6] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[7] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[8] Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[9]

In applying this standard, this Court reviews the last reasoned decision by the state court.[10] State appellate court decisions that affirm a lower court's opinion without explanation

---

[5] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[6] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[7] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[8] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[9] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[10] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

are presumed to have adopted the reasoning of the lower court.[11]  Under California's unique habeas procedure, a defendant who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal.  If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[12]   This is considered as the functional equivalent of the appeal process.[13]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[14]  This presumption applies to state trial courts and appellate courts alike.[15]

When there is no reasoned state court decision denying an issue presented to the state court and raised in a federal habeas petition, this Court must presume that the state court decided all the issues presented to it and perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.[16]  The scope of this review is for clear error of the state court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams* . . . .  Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of

---

[11] *Ylst*, 501 U.S. at 802-03.

[12] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).

[13] *Id.* at 222.

[14] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[15] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

[16] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam).

controlling federal law. Only by that examination may we determine whether the
state court's decision was objectively reasonable.[17]

"[A]lthough we independently review the record, we still defer to the state court's ultimate decision."[18]

### Ineffective Assistance of Trial Counsel

In his first ground for relief, Guerrero alleges that his trial counsel, Russell Miller, was ineffective for failing to properly investigate his case and for improperly advising him to forgo a jury trial on the fact that he had a prior felony conviction. Under *Strickland*, to demonstrate ineffective assistance of counsel, Guerrero must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[19] A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[20] Guerrero must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would

---

[17] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation omitted); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

[18] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary. *Cf. Harris v. Reed*, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)." *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 784 -785 (2011).

[19] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[20] *Id*.

have been different.[21]  An analysis that focuses "solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."[22]

*Strickland* and its progeny do not mandate that this Court act as a "Monday morning quarterback" in reviewing tactical decisions.[23]  Indeed, the Supreme Court admonished in *Strickland*:

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.[24]

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

---

[21] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[22] *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *see Strickland*, 466 U.S. at 687; *see also Kimmel v. Morrison*, 477 U.S. 365, 374 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect"); *United States v. Cronic*, 466 U.S. 648, 258 (1984) ("the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.").

[23] *See Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

[24] 466 U.S. at 689 (internal citations and quotation marks omitted).

7

>The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro, supra,* at 473, 127 S.Ct. 1933.  And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.  See *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").[25]

It is through this doubly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d)(1) standard.[26]

### Failure to Investigate

In his Amended Petition, Guerrero claims that he provided Mr. Miller with the names of several witnesses who would have testified that Ms. Vela fabricated these two incidents: Jeanea Guerrero, Pamela Bince, Kurt Williams and Sylvia Guerrero.  Specifically, Guerrero claims that each of these witnesses would have testified that Ms. Vela was vindictive "and would not hesitate to lie, or make up a story just to get [Guerrero] in jail when she is in a jealous rage."[27] Guerrero further claims that Ms. Bince would have testified that on the night of the September 2004 incident (which resulted in Guerrero being convicted of corporal injury to a spouse) she saw Ms. Vela arguing with her ex-boyfriend and, shortly thereafter, saw Ms. Vela on the ground with an injured eye.  Guerrero claims that he informed Mr. Miller about these potential witnesses but that Mr. Miller neither contacted these witnesses or called them to testify.

---

[25] *Knowles v. Mirzayance*, 556 U.S. ___, 129 S. Ct. 1411, 1420 (2009).

[26] *See id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

[27]  Traverse, p. 18.

8

As noted above, Guerrero must show both that his counsel's performance was deficient and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[28]  Because it is clear that Guerrero is unable to show the requisite prejudice, this Court need not determine whether Mr. Miller's failure to contact the named witnesses was deficient.

Guerrero presented this claim to the Sacramento Superior Court in a petition for habeas corpus.  The court rejected his claim finding that Guerrero was unable to show the requisite prejudice.[29]  The court noted that the proffered testimony of the witnesses was too vague to be persuasive and that none of the proposed witnesses had firsthand knowledge of either of the alleged attacks.  Even Ms. Bince, who apparently would have testified that someone else other than Guerrero injured Ms. Vela, did not actually see how Ms. Vela injured her eye.

This Court may only grant relief if Guerrero can show that the Sacramento Superior Court's decision was contrary to established federal law or based on an unreasonable determination of the facts.[30]  Guerrero has failed to meet this burden.  Firstly, what each of these witnesses would have said in court is pure speculation; Guerrero has not included any sort of declaration or affidavit from any of these individuals concerning their willingness to testify or the content of their potential testimony.  Secondly, according to Guerrero, none of the witnesses had firsthand knowledge of either the alleged incidents, therefore, none of them can know

---

[28] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[29]  Lodged Doc. No. 6, pp. 1-2.

[30] 28 U.S.C. § 2254(d); *see Williams*, 529 U.S. at 404-06; *see also Lockyer,* 538 U.S. at 70-75 (explaining this standard).

9

whether Ms. Vela is lying in this instance.[31] Finally, as Guerrero himself points out in his Traverse, the record indicated that Ms. Vela told the nurse who treated her for her injuries arising from the September 2004 incident that she had been injured by her ex-boyfriend (not Guerrero). However, despite this evidence, and Guerrero's own testimony that Ms. Vela was fabricating the two incidents, the trial court found Guerrero guilty. Guerrero has failed to show that had any of these witnesses testified that the outcome would have likely been different. Because the conclusion of the Sacramento Superior Court was not contrary to established federal law or based on an unreasonable determination of the facts, Guerrero is not entitled to relief.[32]

### Improper Advisement Regarding Previous Conviction

Guerrero next claims that Mr. Miller rendered ineffective assistance of counsel when he advised Guerrero to admit that he had been previously convicted of a felony, instead of requesting a jury trial on this issue of fact. In his Traverse, Guerrero claims that the fact that he had sustained a previous conviction constituted an aggravating factor which exposed him to a penalty beyond the statutory maximum. Guerrero contends that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he was entitled to have his previous conviction proved beyond a reasonable doubt to a jury of his peers; Mr. Miller's advice to Guerrero that he forgo this right was therefore ineffective assistance of counsel. This issue was presented to the Sacramento County Superior Court in a petition for habeas corpus and was rejected for failure to show prejudice.[33]

---

[31] All that Guerrero's witnesses would be able to corroborate is that Ms. Vela would be willing to lie to get Guerrero into trouble.

[32] 28 U.S.C. § 2254(d); *see Williams*, 529 U.S. at 404-06; *see also Lockyer,* 538 U.S. at 70-75 (explaining this standard).

[33] Lodged Doc. No. 6, p. 2.

10

As with his previous claim, Guerrero must show both that his counsel's performance was deficient and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[34]  Initially, this Court notes that Guerrero misperceives the law espoused by *Apprendi*.  The law is clear that the imposition of an upper-term sentence based upon a prior conviction is a well established exception to *Apprendi* and its progeny.[35]  Specifically, a defendant's criminal history need not be admitted to by the defendant or proved to a jury beyond a reasonable doubt.[36]  Thus, even if Guerrero did not admit to his previous conviction, the trial judge could have made the finding on her own and imposed the upper term accordingly.  Therefore, Mr. Miller's advice to Guerrero did not cause Guerrero to forgo a jury trial on the fact of his previous conviction.  Furthermore, while Guerrero's sentence was enhanced due to the fact that he was previously convicted, his previous conviction was not an "aggravating fact" which caused his sentence to rise beyond the middle term,[37] but rather, Guerrero was given the middle term sentence, which was then doubled pursuant to California's

---

[34] *Hill*, 474 U.S. at 57.

[35] *Butler v. Curry,* 528 F.3d 624, 641-42 (9th Cir. 2008).

[36] *United States v. Martin*, 278 F.3d 988, 1005-06 (9th Cir. 2002) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 249 (1998); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 414 (9th Cir. 2000).

[37] Under California's Determinate Sentencing Law ("DSL"), three terms of imprisonment are specified for most offenses.  The statute defining the offense generally prescribes an upper term, a middle term and a lower term.  At the time of Guerrero's offense, California Penal Code Section 1170(b) required a sentencing court to impose the middle term "unless there [were] circumstances in aggravation or mitigation of the crime.  In *Cunningham v. California*, 549 U.S. 270 (2007), the Supreme Court held that the presumptive middle term, not the upper term, was the "relevant statutory maximum" that could be imposed, absent additional findings of fact by the jury.  Therefore, after *Cunningham*, a California judge could only impose an upper term sentence based on aggravating facts found by the jury or admitted by the defendant.

Three Strikes Law.[38]  Because Guerrero was sentenced in compliance with *Apprendi* and its progeny, Mr. Miller's advice was not erroneous.  Accordingly, Guerrero is unable to show that Mr. Miller's representation was deficient.

Additionally, Guerrero is unable to show the requisite prejudice.  At no point in his argument to this Court does Guerrero actually allege that he has not sustained a prior conviction, nor does he allege that it is unlikely that the prosecutor would have been able to prove the fact of his previous conviction.  Thus, even if Guerrero had required the judge to make a factual determination with respect to the fact of his previous conviction, it is unlikely that the result would have been any different.  Because the conclusion of the Sacramento Superior Court was not contrary to established federal law or based on an unreasonable determination of the facts, Guerrero is not entitled to relief.[39]

### Ineffective Assistance of Appellate Counsel

In his final claim for relief, Guerrero claims that his appellate counsel failed to raise his first two claims on direct appeal.  As with his previous claims of ineffective assistance of counsel, Guerrero must show both that his counsel's performance was deficient and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been

---

[38] Guerrero was sentenced to the presumptive middle term for each offense.  Reporter's Transcript, pp. 597-98.

[39] 28 U.S.C. § 2254(d); *see Williams*, 529 U.S. at 404-06; *see also Lockyer,* 538 U.S. at 70-75 (explaining this standard).

different.[40] This issue was presented to the Sacramento County Superior Court in a petition for habeas corpus and rejected as being without merit. [41]

The failure of appellate counsel to raise meritless or weak issues does not constitute ineffective assistance of counsel.[42] Both the state courts and this Court have found Guerrero's claims to be without merit. Accordingly, the failure of Guerrero's appellate counsel to raise these issues did not constitute ineffective assistance of counsel. Because the conclusion of the Sacramento Superior Court was not contrary to established federal law or based on an unreasonable determination of the facts, Guerrero is not entitled to relief.[43]

---

[40] *Hill*, 474 U.S. at 57.

[41] Lodged Doc. No.6, p. 2.

[42] *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) (holding that appellate counsel does not have an obligation to raise every nonfrivolous argument); *Miller v. Keeney*, 882 F.2d 1428, 1428 (9th Cir. 1989) (holding that appellate counsel's failure to raise a weak issue did not constitute ineffective counsel).

[43] 28 U.S.C. § 2254(d); *see Williams*, 529 U.S. at 404-06; *see also Lockyer,* 538 U.S. at 70-75 (explaining this standard).

CONCLUSION AND ORDER

Guerrero is not entitled to relief under any ground raised in the Petition. Accordingly,

**IT IS HEREBY ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[44] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[45]

The Clerk of the Court is to enter judgment accordingly.

Dated: March 24, 2011

                                                          /s/ James K. Singleton, Jr.
                                                    **JAMES K. SINGLETON, JR.**
                                                        United States District Judge

---

[44] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks omitted)).

[45] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.